**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RAYMOND G. ANDERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-CV-265-TCK-PJC |
| ) | |
| JANE STANDIFIRD, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a habeas corpus action. Petitioner states that he filed his petition under the authority of 28 U.S.C. § 2241. See Dkt. # 1. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 8) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

*BACKGROUND*

On December 8, 2003, in Tulsa County District Court, Case No. CF-2003-1485, Petitioner entered blind pleas of guilty to charges of Attempting to Manufacture a Controlled Dangerous Substance (Count 1), Injury to a Minor Child (Counts 2, 3, and 4), Possession of a Controlled Dangerous Substance (Count 6), Possession of Marijuana (Count 7), and Possession of Paraphernalia (Count 8).[1] See Dkt. # 7, Ex. 1. On January 12, 2004, the state district court found

---

[1] Petitioner was not charged in Count 5, Maintaining a Dwelling Where Controlled Drugs are Kept. See Docket Sheet, Case No. CF-2003-1485, www.oscn.net.

Petitioner guilty and sentenced him to ten (10) years (Count 1), fifteen (15) years (Counts 2, 3, and 4), five (5) years (Count 6), and one (1) year (Counts 7 and 8). See Docket Sheet for Case No. CF-2003-1485, viewed at www.oscn.net. Counts 1, 6, 7, and 8 were ordered to run concurrently; Counts 2, 3, and 4 were ordered to run concurrently with each other, but consecutively with the other counts. See Dkt. # 7, Ex. 1. At the time of sentencing, a judicial review hearing was set for January 10, 2005. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On January 10, 2005, the district court judge modified Petitioner's sentences as follows: five (5) years suspended (Count 1), fifteen (15) years with all but twelve (12) years suspended (Counts 2, 3, and 4), and five (5) years suspended (Count 6). Id. Counts 1 and 6 were ordered to run concurrently with each other and consecutively with Counts 2, 3, and 4. Id. Counts 2, 3, and 4 were ordered to run concurrently with each other. Id. Petitioner did not appeal his modified sentences to the OCCA. Id.

On December 24, 2008, Petitioner was discharged from prison, subject to terms and conditions of probation. Id. However, on April 13, 2009, Petitioner was taken into custody and, on June 3, 2009, he was returned to prison, after Department of Corrections (DOC) officials reviewed his sentence records and determined that a mistake had been made. Id. Because the crime of Injury to a Minor Child is subject to the 85% Rule[2] and Petitioner's sentences had not been administered

---

[2]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

pursuant to the 85% Rule prior to his release, DOC officials determined he had been released from custody five (5) years too early.

On September 14, 2009, or approximately five (5) months after he was taken into custody because of DOC's mistake, Petitioner began challenging his convictions and sentences by filing his first application for post-conviction relief requesting that he be granted a certiorari appeal out of time. See Dkt. # 1 at 6; see also Docket Sheet for CF-2003-1485, viewed at www.oscn.net. On October 30, 2009, the state district court denied the request. See Dkt. # 1 at 33, attached order. Petitioner attempted to appeal to the OCCA. However, by order filed December 18, 2009, in Case No. PC-2009-1101, the OCCA declined jurisdiction and dismissed the attempted post-conviction appeal as untimely. See Dkt. # 1 at 38, attached order.

On January 5, 2010, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time. See Docket Sheet for CF-2003-1485, viewed at www.oscn.net. By order filed April 12, 2010, the state district court recommended that Petitioner be granted a post-conviction appeal out of time. Id. On June 18, 2010, the OCCA granted a post-conviction appeal out of time. See Dkt. # 1 at 40, attached order. However, by order filed October 29, 2010, in Case No. PC-2010-676, the OCCA denied Petitioner's request for a certiorari appeal out of time. See Dkt. # 1, at 43, attached order.

On April 29, 2011, the Clerk of Court received for filing Petitioner's petition for writ of habeas corpus (Dkt. # 1). Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on April 28, 2011. Id. at 13. Thus, under the prisoner mailbox rule, the earliest file date for this petition is April 28, 2011. See Houston v. Lack, 487 U.S. 266 (1988). In his petition, Petitioner claims that his blind pleas of guilty were not knowingly and voluntarily entered because he was not advised that his sentences for Injury to a Minor Child were subject to

Oklahoma's 85% Rule. See Dkt. # 1. He also claims that his attorney provided ineffective assistance in failing to advise him of the 85% Rule and that he was denied due process when he was returned to prison without a hearing. Id. Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 5, 6.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

4

To the extent Petitioner challenges the validity of his pleas of guilty, accepted by the state district court on January 12, 2004, his one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final. Because Petitioner failed to file a motion to withdraw his pleas of guilty in Case No. CF-2003-1485, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on January 22, 2004. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions began to run on January 23, 2004. Absent a tolling event, a federal petition for writ of habeas corpus filed after January 23, 2005, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek post-conviction or other collateral relief[3] during the relevant

---

[3]The Court recognizes that on January 10, 2005, the state district court held a judicial review hearing and modified Petitioner's sentences. In unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is not an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244 (d)(2). See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, the United States Supreme Court recently held that a motion to reduce a

period. Petitioner's first application for post-conviction relief was not filed until September 14, 2009, or more than four and one half years after the January 23, 2005, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceedings commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on April 28, 2011, at the earliest, appears to be untimely.

Even if the Court were to calculate the one-year habeas deadline under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"), Petitioner's habeas petition would still be untimely. The focus of Petitioner's petition is that he did not know about Oklahoma's 85% Rule when he entered his blind guilty pleas. Under § 2244(d)(1)(D), Petitioner's one-year limitations period began to run when he discovered, or could have discovered through the exercise of due diligence, the factual predicate of his claim, i.e., that his sentences were subject to the 85% Rule. Petitioner states in his petition that he was first told about the 85% Rule on April 13, 2009, when he was taken into custody after DOC

---

state prisoner's sentence filed in accordance with Rhode Island law qualified as an application for "collateral review" and served to toll the one year limitations period. Wall v. Kholi, 131 S. Ct. 1278 (2011). To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. However, the Court need not determine in this case whether Wall applies to a motion for judicial review filed under Oklahoma law because more than four (4) years passed between the modification of Petitioner's sentences on January 10, 2005, and the filing of the first application for post-conviction relief on September 14, 2009. As a result, even if Petitioner's one-year limitations period did not begin to run until his sentences were modified on judicial review, his one year expired well before he filed his first application for post-conviction relief and his federal habeas petition would still be untimely under § 2244(d)(1)(A).

officials discovered their mistake. See Dkt. # 1 at 6. Thus, under § 2244(d)(1)(D), Petitioner's one year limitations period accrued, at the latest, on April 13, 2009, and he had from April 14, 2009, until April 14, 2010, to file a petition for writ of habeas corpus.

On September 14, 2009, or prior to the one year deadline, Petitioner filed his first application for post-conviction relief. The state district court denied the application on October 30, 2009. Petitioner's deadline for filing a timely post-conviction appeal was Monday, November 30, 2009. His post-conviction petition in error was not filed until December 2, 2009. As a result, by order filed December 18, 2009, in Case No. PC-2009-1101, the post-conviction appeal was dismissed as untimely. Therefore, the appeal was not "properly filed" as required under 28 U.S.C. § 2244(d)(2). However, Petitioner is entitled to tolling for the thirty (30) days after entry of the state district court's order when he could have filed a timely post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought a timely appeal under state law). Thus, he is entitled to tolling of the limitations period from September 14, 2009, when he filed his application in state district court, through November 30, 2009, or the first business day thirty (30) days after the state district court denied relief on October 30, 2009, or for a total of 77 days.

On January 5, 2010, Petitioner filed a second application for post-conviction relief requesting a post-conviction appeal out of time. By order filed April 12, 2010, the state district court recommended that Petitioner be granted a post-conviction appeal out of time. On June 18, 2010, the OCCA granted a post-conviction appeal out of time. However, by order filed October 29, 2010, in Case No. PC-2010-676, the OCCA denied the post-conviction relief sought by Petitioner, a certiorari

7

appeal out of time. Thus, Petitioner is entitled to tolling of the federal limitations period from January 5, 2010, when he filed his second application for post-conviction relief, through October 29, 2010, when the OCCA denied his request for a certiorari appeal out of time, or for a total of 297 days.

Petitioner is entitled to a total of 374 days of tolling, 77 days for the first post-conviction proceeding and 297 days for the second post-conviction proceeding.[4] Extension of the habeas deadline of April 14, 2010, by 374 days results in a new deadline of April 23, 2011. Since April 23, 2011, fell on a Saturday, Petitioner's deadline was extended to Monday, April 25, 2011. As stated above, Petitioner filed his petition on April 28, 2011, at the earliest. Therefore, the federal habeas petition is untimely even if the one-year limitations period accrued under § 2244(d)(1)(D).

In response to the motion to dismiss, Petitioner sets forth a series of arguments supporting a request for equitable tolling. See Dkt. # 8. He argues that it would be unfair to calculate his one-year period from the date he was sentenced after entering his blind plea because he was unaware of the basis for his habeas claims until more than five (5) years after sentencing when he first learned that the 85% Rule applied to his sentences. However, the Court has determined above that even if Petitioner's one-year period began to run when he learned about the 85% Rule, his petition is still untimely.

---

[4]Although the OCCA granted a post-conviction appeal out of time, Petitioner is not entitled to tolling for the entire period between the filing of his initial application for post conviction relief and the OCCA's final denial. That argument has been rejected by the Tenth Circuit Court of Appeals. See Gibson, 232 F.3d at 804-06 (stating that "[a] state court's decision to look beyond procedural deficiencies or to grant an appeal out of time does not transform all of a petitioner's state filings into one 'properly filed' application, which essentially 'relates back' to a petitioner's original application for state post-conviction relief").

8

The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently even after he found out about the 85% Rule. Nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of

9

appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

DATED THIS 14th day of February, 2012.

TERENCE KERN
United States District Judge